IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO JAIME,<br><br>      Petitioner,<br><br>  vs.<br><br>JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation,<br><br>      Respondent. | No. 2:05-cv-00933-JKS(HC)<br><br>ORDER DENYING<br>CERTIFICATE OF APPEALABILITY |

   On January 25, 2008, Petitioner filed a Notice of Appeal and Application for a Certificate of Appealability at Docket 20.  On November 30, 2007, judgment was entered denying the petition and declining to issue a Certificate of Appealability.  Petitioner requests this Court reconsider its denial of a Certificate of Appealability.  The Court can find no basis for reconsidering its earlier denial of a Certificate of Appealability.  Moreover, the Notice of Appeal is untimely.

   The timely filing of a notice of appeal is a jurisdictional requirement.  *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  Here, the time limit for filing a notice of appeal following entry of judgment is thirty days.  *See* Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of the judgment.

   The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court.  *Hayward v. Britt*, 572 F.2d 1324, 1325 (9th Cir. 1978).  The rationale of *Hayward* applies with equal force to a Certificate of Appealability.

For these reasons, the Court declines to reconsider its earlier decision declining to issue a Certificate of Appealability; any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

IT IS SO ORDERED.

Dated:  February 1, 2008

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
